THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO FELICIANO CARABALLO, Defendant and Appellant.

No. 11958. Argued April 1, 1947.—Decided April 23, 1947.

228

*Enrique Báez García* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

The appellant was charged with the crime of murder in the first degree. On the day of the trial, at the close of the reading of the information, the district attorney, at the instance of the defendant, reduced the charge to murder in the second degree. The defendant thereupon withdrew his former plea of not guilty and entered a plea of guilty to the charge of murder in the second degree.

On May 31, 1946, the day set for the pronouncement of the sentence, the defendant filed a motion for a suspended sentence under Act No. 259 of April 3, 1946. The district attorney objected and the court asked him to produce the record of the investigation of the case "for the purpose of determining whether the defendant was qualified to receive the benefits of Act No. 259." At the request of the defense, the court then heard the testimony of the accused "for the purpose of comparing it with the sworn statements contained in the record kept in the office of the district attorney," and set June 4, 1946, for pronouncing the sentence. On that date the lower court denied the motion for a suspended sentence and sentenced the defendant to a term of 12 years in the penitentiary.

As an only ground for appeal, the appellant urges that the lower court erred in denying to him the benefit of the Act regarding suspended sentences, "following a procedure which is not authorized by said Act."

 Section 2 of the above-cited Act No. 259 provides that the effect of the sentence imposed for any felony other than murder in the first degree, shall be suspended, and the person sentenced placed on probation, provided the following requisites concur:

"(a) that the defendant has not been convicted, sentenced and confined in prison for any offense whatsoever prior to the commission of the offense for which he is prosecuted;

"(b) that the offense committed does not evince the degree of moral warping that makes indispensable confinement of the offender in a penal institution as an attempt at reform;

"(c) that the trial court has before it a report made to it by a probation officer of the court or of the Parole Board, after said probation officer has carefully investigated the circumstances of the offense committed, the family background, and the social history of the accused, and that such investigation discloses that said defendant was always a law-abiding citizen; . . . ."

The Act under discussion does not establish any procedure to be followed by the trial judge in determining whether the suspended sentence applied for by the accused lies. Bearing in mind the clear provisions of § 2, *supra,* it seems logical to us that in passing upon an application for the imposition of a suspended sentence, the first thing that the trial judge should do is to ascertain whether the accused has previously been convicted and sentenced for the commission of another offense, because if such be the fact, the judge will lack power to grant him the benefit of the Act. If from the investigation made it appears that the accused has no penal antecedents, the next step that the judge must take is to examine the facts and circumstances of the offense committed in order to determine whether the moral warping of the accused is of such a character that it makes his confinement in a penal institution necessary. If the investigation shows that the accused has

no penal antecedents and that his confinement in a prison is not necessary, then and only then will there be any necessity for a report by a probation officer on the family background and social history of the accused.

In the case at bar, since no trial was held, the judge did the only thing he could do in order to learn of the facts and circumstances of the offense committed and to which the accused had pleaded guilty, that is, to examine the sworn statements made before the district attorney by his witnesses and to give the accused an opportunity to submit to the court an explanation of the occurrence. After examining the record of the investigation made by the district attorney and after hearing the accused, the lower court, in the exercise of the discretion vested in it by § 2(b) , *supra,* decided "to deny the motion of the accused requesting the benefits of Act No. 259." That decision enjoys the presumption of being just and correct. We are bound to presume that the denial of the motion was based on evidence tending to show a previous conviction of the accused, or that the circumstances of the offense committed rendered indispensable the confinement of the accused. In either case a report by a probation officer was unnecessary.

Since the appellant has not placed us in a position enabling us to determine whether the lower court abused its discretion, the judgment appealed from should be affirmed.